UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES ALBERT FERGINS,<br><br>         Plaintiff,<br><br>v.<br><br>AMAZON WEB SERVICES, INC.,<br><br>         Defendant. | Case No.:  22-CV-1177-JLS-WVG<br><br>**ORDER ON DISCOVERY DISPUTE** |

  Pending before the Court are the Parties' simultaneously filed briefs on a dispute concerning Defendant's objections to written discovery Plaintiff propounded. (Doc. Nos. 11, 13.) The Parties timely raised the dispute to this Court's Chambers on January 26, 2023. Pursuant to its January 27, 2023, Order, the Court convened a Video Discovery Conference on February 3, 2023, following the Parties' briefing of the issues. (Doc. No. 9.) As stated on the record during the February 3, 2023, Conference, the Court OVERRULES Defendant's objections to Special Interrogatories ("SROGs") Nos. 3, 4, 5, 6, 7, 9, 11, and 12 and Requests for Production of Documents ("RFPs") Nos. 2, 5, 13, and 14 and ORDERS Defendant to produce its discovery responses and documents to all disputed SROGs and RFPs **on or before Friday, February 17, 2023**. The Court elaborates below.

/ / /

Since August 2018, Plaintiff has worked for Defendant (or "the Company"). (Doc. No. 1-2, ¶ 14.) As a current employee of the Company, Plaintiff has sued Defendant for race and disability discrimination under California's Fair Employment and Housing Act ("FEHA"), failure to prevent discrimination under the FEHA, retaliation under the FEHA and California Labor Code section 1102.5, and intentional infliction of emotional distress. (*See generally* Doc. No. 1-2). Before initiating this Action, Plaintiff filed two charges against Defendant with the Equal Employment Opportunity Commission ("EEOC"). The first charge related to events that Plaintiff alleges to have occurred between 2018 and 2019. The second charge Plaintiff filed related to events Plaintiff alleges to have begun in 2020 and that are ongoing. As to the first charge, the EEOC issued a right-to-sue letter to Plaintiff, which expired on or around August 21, 2020. Plaintiff did not commence litigation until June 14, 2022, more than two years later. For this reason, Defendant argues Plaintiff is time-barred from seeking discovery on any matters related to his first charge. In accordance with its position, Defendant objects on grounds that the SROGs and RFPs are not relevant or reasonably likely to lead to the discovery of admissible evidence. Plaintiff opposes Defendant's position in its entirety. He counters that the scope of discovery is broad, and the information and documents related to the first charge are relevant to the violations Plaintiff alleged in his second charge.

The Court takes the same view as Plaintiff. Under Rule 26(b) of the Federal Rules of Civil Procedure, a party may obtain discovery regarding any non-privileged matter that is relevant to any claim or defense. Fed. R. Civ. P. 26(b)(1); *Tattersalls Ltd. v. Wiener*, 2019 WL 13204024, at *1 (S.D. Cal. Nov. 19, 2019). Relevant information need not be admissible at trial so long as the discovery appears to be reasonably calculated to lead to the discovery of admissible evidence. *Id*. Relevance is construed broadly to include any matter that bears on, or reasonably could lead to other matters that could bear on, any issue that may be in the case. *Rogers v. Giurbino*, 288 F.R.D. 469, 478–79 (S.D. Cal. Dec. 19, 2012) (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350–51 (1978) and *Hickman v. Taylor*, 329 U.S. 495, 501 (1947).). To that end, district courts have broad

22-CV-1177-JLS-WVG

discretion to determine relevancy for discovery purposes. *Scherer v. FCA US, LLC*, 538 F. Supp. 3d 1002, 1004 (S.D. Cal. May 12, 2021) (citing *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *see also Surfvivor Media v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005) (same); *U.S. Fidelity and Guar. Co. v. Lee Investments L.L.C.*, 641 F.3d 1126, 1136 (9th Cir. 2011) ("District courts have wide latitude in controlling discovery, and [their] rulings will not be overturned in the absence of a clear abuse of discretion.").

      Defendant posits that, because the allegations underlying Plaintiff's first charge are not actionable under the statute of limitations, Plaintiff should not be permitted to take discovery of any matters related to the first charge. Defendant adds that the first charge and the second charge involve different supervisors and performance management events. From there, Defendant concludes no documents or information pertaining to the first charge bear relevance upon the allegations in his second charge, which form the basis of the Complaint here. The Court is not persuaded by Defendant's position. As stated, the relevance standard is necessarily broad to "encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Gusman v. Comcast Corp.*, 298 F.R.D. 592, 595 (S.D. Cal. Apr. 2, 2014) (citing *Oppenheimer Fund, Inc.*, 437 U.S. at 351 and *Hickman*, 329 U.S. at 501.).

      Defendant cites to *Morgan* to argue the factual distinctions between the first and second charges prohibit the inference that Plaintiff asserts a "continuing violations" theory, which otherwise may have permitted Plaintiff to take discovery on the first charge. *See generally Morgan v. Regents of Univ. of Cal.*, 88 Cal.App.4th 52, 67 (2000). But the Court is not persuaded by *Morgan* or any of the other authorities Defendant cites. None of those cases address the circumstance we have here: despite the factual distinctions between the first and second charges, Plaintiff broadly alleges he has suffered and continues to suffer from discriminatory and retaliatory workplace practices. Accordingly, given the very close temporal proximity between the two charges, namely a gap of one year, Plaintiff could conceivably obtain discovery on the first charge – which may not ultimately be admissible at trial on grounds that the discovery relates to time-barred claims – that could lead to the

discovery of admissible evidence pertaining to Plaintiff's second charge. This is precisely the kind of discovery that the broad scope of Rule 26(b) contemplates. Accordingly, the Court OVERRULES Defendant's objections to Plaintiff's SROGs Nos. 3, 4, 5, 6, 7, 9, 11, and 12 and RFPs Nos. 2, 5, 13, and 14, and ORDERS Defendant to produce responses and documents accordingly **no later than Friday, February 17, 2023**.

**IT IS SO ORDERED.**

DATED: February 8, 2023

Hon. William V. Gallo
United States Magistrate Judge