UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES ALBERT FERGINS,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>AMAZON WEB SERVICES, INC., and DOES 1 through 100,<br><br>　　　　　　　　　　　Defendants. | Case No.: 22-CV-1177-W-WVG<br><br>**ORDER:**<br><br>**(1) GRANTING JOINT MOTION TO CONTINUE MANDATORY SETTLEMENT CONFERENCE;**<br><br>[Doc. No. 29]<br><br>**AND (2) AMENDING SCHEDULING ORDER**<br><br>[Doc. No. 8] |

On August 7, 2023, Plaintiff Charles Albert Fergins ("Plaintiff") and Defendant Amazon Web Services, Inc. ("Defendant") filed a joint motion to continue the Mandatory Settlement Conference ("MSC") set for August 9, 2023. Doc. No. 29. The parties represent that Plaintiff is still unable to attend the MSC due to Plaintiff's ongoing hospitalization. *Id.* at 2; *see also* Doc. No. 28. The parties also request the remaining deadlines in the Court's operative Scheduling Order, Doc. No. 8, be continued by 45 to 60

days.  Doc. No. 29 at 3.  Upon due consideration, good cause appearing, the parties' joint motion is **GRANTED**.  Accordingly, the MSC is hereby **RESET** to **9:00 a.m.** on Monday, **October 30, 2023**.

In addition, the operative Scheduling Order, Doc. No. 8, is **AMENDED** as follows:

1. Pretrial motions must be filed by **November 29, 2023**.  Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion.  The period of time between the date you request a motion date and the hearing date may vary from one district judge to another.  Please plan accordingly.  Failure to make a timely request for a motion date may result in the motion not being heard.  Motions in limine are to be filed as directed in the Local Rules, or as otherwise set by the district judge.

2. Pursuant to Civil Local Rule 7.1(f)(3)(c), if an opposing party fails to file opposition papers in the time and manner required by Civil Local Rule 7.1(e)(2), that failure may constitute a consent to the granting of a motion or other request for ruling by the court.  Accordingly, all parties are ordered to abide by the terms of Local Rule 7.1(e)(2) or otherwise face the prospect of any pretrial motion being granted as an unopposed motion pursuant to Civil Local Rule 7.1(f)(3)(c).  Should either party choose to file or oppose a motion for summary judgment or partial summary judgment, no Separate Statement of Disputed or Undisputed Facts is required.

3. Despite the requirements of Civil Local Rule 16.1(f)(2), neither party is required to file a Memorandum of Contentions of Fact and Law at any time.  The parties shall instead focus their efforts on drafting and submitting a proposed pretrial order by the time and date specified by Civil Local Rule 16.1(f)(6)(b).  The proposed pretrial order shall comply with Civil Local Rule 16.1(f)(6) and the Standing Order in Civil Cases issued by the assigned district judge.

4. Counsel shall comply with the pre-trial disclosure requirements of Fed. R. Civ. P. 26(a)(3) by **February 19, 2024**.  Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.

///

5. Counsel shall meet and take the action required by Local Rule 16.1(f)(4) by **February 26, 2024**. At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c). Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Fed. R. Civ. P. 26(a)(3). Counsel shall cooperate in the preparation of the proposed pretrial conference order.

6. Counsel for plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f). By **March 4, 2024**, plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval. Opposing counsel must communicate promptly with plaintiff's attorney concerning any objections to form or content of the pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the order.

7. The Proposed Final Pretrial Conference Order, including objections to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the assigned district judge by **March 11, 2024**, and shall be in the form prescribed in and comply with Local Rule 16.1(f)(6).

8. In addition to submitting the proposed final pretrial conference order, the parties are further ordered to separately submit informal letter briefs, not exceeding two single spaced pages, served on opposing counsel and received in the chambers of Judge Thomas J. Whelan, United States District Judge (and not filed with the Clerk's Office) by **2:30 p.m.** on **March 20, 2024**.

The letter brief should be a relatively informal and straightforward document. The letter brief should outline a short, concise and objective factual summary of the party's case in chief, the number of hours/days each party intends to expend at trial, the approximate number of witnesses, whether certain witnesses will be coming in from out of town, the number of testifying expert witnesses, whether any unique demonstrative exhibits may be

presented, the number of proposed motions in limine that may be filed, precisely when the parties would be prepared to submit their in limine papers (and whether the parties have met and conferred with respect to in limine issues), the issue of proposed jury instructions and when the parties intend to submit them before trial, and voir dire issues, either party's preference as to what date(s) the trial should begin and any other pertinent information that either party may deem useful to assist the Court in the execution of the pretrial conference and in setting the matter for trial.

9. The final Pretrial Conference is scheduled on the calendar of the **Honorable Thomas J. Whelan** on **March 25, 2024** at **10:30 a.m.**

10. The parties must review the chambers' rules for the assigned district judge and magistrate judge.

11. A post trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

12. The dates and times set forth herein will not be modified except for good cause shown.

13. Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of a district court judge. No reply memorandum shall exceed ten (10) pages without leave of a district court judge. Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

14. Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED.**

Dated: August 8, 2023

Hon. William V. Gallo
United States Magistrate Judge